## 58469. GARNER et al. v. METROPOLITAN LIFE INSURANCE COMPANY.

BANKE, Judge.

This appeal is from the grant of defendant-appellee's motion for judgment on the pleadings in a suit to recover a $500 deposit which the appellants paid on a contract to purchase realty. The appellants repudiated the contract, claiming that they were induced to sign it by fraud. The fraud alleged is the appellee's representation that the contract reflected a purchase price of $50,800, agreed upon, whereas appellants contend that the written contract called for twice that amount.

The contract was before the trial court as an exhibit to appellee's answer, and no issue is raised concerning its authenticity. It shows the purchase price to be "for the sum of fifty thousand eight hundred dollars ($50,800), payable as follows: Five hundred dollars ($500), deposited herewith: fifty thousand eight hundred dollars ($50,800), in cash at closing on delivery of deed; and fifty thousand eight hundred . . . dollars ($50,800), by delivery to seller of a note and purchase money (VA) mortgage, on seller's standard forms . . . in such sum with interest at 8 percent . . ." *Held:*

The question here is whether the undisputed facts appearing from the pleadings show the appellee is entitled to judgment as a matter of law. *Christner v. Eason,* 146 Ga. App. 139, 140 (245 SE2d 489) (1978), citing *Gulf Amer. Fire &c. Co. v. Harper,* 117 Ga. App. 356 (1) (160 SE2d 663) (1968).

"The cardinal rule of construction [of a contract] is to ascertain the intention of the parties. If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it shall be enforced, irrespective of all technical or arbitrary rules of construction." Code § 20-702. "The interpretation of the language ... in a contract is generally a question of law for the court unless it is so ambiguous that the ambiguity can not be resolved by the ordinary rules of construction." *Hardman v. Dahlonega-Lumpkin County Chamber of Commerce*, 238 Ga. 551, 553 (233 SE2d 753) (1977). The entire contract shall be looked to in arriving at the construction of any part. *Gaulding v. Baker*, 9 Ga. App. 578 (71 SE 1018) (1911). Where there are contradictory clauses, the first of the two clauses will prevail. *Hardman*, supra. Applying these rules of construction, we find that the contract set forth a purchase price of $50,800, as agreed on by the parties. This conclusion is fortified by reference to the special terms portion of the contract, which provides that "the broker's commission will be 7 percent of the selling amount . . . ($3,556.00)," which figure is exactly 7 percent of $50,800. Thus, the appellants' claim that they were induced by fraud to sign the contract is without basis. Since this was the only ground on which the contract was attacked, the trial court did not err in granting judgment to the appellee.

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

ARGUED SEPTEMBER 25, 1979 — DECIDED NOVEMBER 8, 1979.

*Michael J. Reily,* for appellants.
*W. Lyman Dillon, John G. Parker, Stanley E. Kreimer, Jr.,* for appellee.