### 72778. SMITH v. ALLEN.
(349 SE2d 548)

McMurray, Presiding Judge.

W. Fred Allen (plaintiff) sued J. David Smith (defendant) and Marvin Shiflet (defendant) alleging that defendants are indebted to him in the aggregate principal amount of $120,000 for loans made by plaintiff to defendants. Plaintiff further alleged that the defendants agreed to pay interest on said loans at a rate of 13% per annum from the date the loans were executed. Defendant Smith answered, denying the material allegations of the complaint. Defendant Shiflet did not respond to the plaintiff's complaint. On February 19, 1986, a jury trial was conducted and the following evidence, in pertinent part, was adduced: 29 North Mobile Homes, Inc., d/b/a 29 North Mobile Homes, (the corporation) was incorporated in Georgia on March 29, 1984. Defendant Smith provided the initial capital for the corporation and he was the sole member of the corporation's board of directors. Defendant Shiflet was employed by the corporation and conducted the corporation's daily business operations.

In 1985 the corporation encountered financial difficulty and on March 1, 1985, defendants executed an unsecured "commercial note" in favor of Athens Federal Savings Bank (the bank) in the principal amount of $247,500. (The proceeds of this loan were used by the defendants to pay outstanding checks which had been drawn on the corporation's checking account.)

On April 26, 1985, defendant Shiflet executed an unsecured "promissory note" in favor of plaintiff in the principal amount of $40,000, bearing interest at a rate of 13% per annum. The proceeds of this loan were used to reduce the principal and satisfy the interest on the "commercial note" which was executed by the defendants in favor of the bank.

Plaintiff entered into evidence a document entitled "REAL ESTATE NOTE," dated May 7, 1985, purportedly executed by defendant Smith and defendant Shiflet, in their individual capacities, in favor of plaintiff evidencing a loan in the principal amount of $80,000 bearing interest at a rate of 13% per annum. This note provided that "payments of principal and interest [are] to be made as follows: A minimum monthly payment of Five Thousand dollars ($5,000.00) due and payable by the Tenth (10th) day of each month, commencing the Tenth (10th) day of June 1985, and a like amount paid each month until [the] note is paid in full. The interest to be paid each month as it accrues at the rate of Thirteen (13) percent on the remaining prin-

cipal balance."

While it is not disputed that defendants executed an $80,000 note in favor of plaintiff at a rate of 13% per annum, defendant Smith testified that he did not execute the document entitled "REAL ESTATE NOTE" entered into evidence by plaintiff. Defendant Smith testified that the document he signed, evidencing the $80,000 debt, was a "corporate note" which indicated that he was the president of 29 North Mobile Home, Inc.

Notwithstanding this conflicting evidence, it is not disputed that $65,132 of the $80,000 loan proceeds were used to reduce the principal and satisfy the interest on the "commercial note" executed by the defendants in favor of the bank. The remaining loan proceeds were deposited into the "operating account" of "29 N. Mobile Homes, Inc."

On May 7, 1985, defendants executed the following memorandum: "This is to confirm the agreement that [the plaintiff] is to be paid a minimum of Four percent (4%) interest per annum on the note in the amount of Forty Thousand dollars ($40,000.00) dated April 26, 1985 and the note in the amount of Eighty Thousand dollars ($80,000.00) dated May 7, 1985 above the percent of interest that he has to pay the banks in order to obtain the loan to make the money available for these two notes. This money is to be paid cash each month on or before the Tenth (10th) day, commencing June 10, 1985 until the total amount of One Hundred Twenty Thousand dollars ($120,000.00) is paid in full."

Upon conclusion of the evidence, the trial court conducted a hearing concerning plaintiff's and defendant Smith's opposing motions for directed verdict. In this regard, the trial court denied defendant Smith's motion for directed verdict; granted plaintiff's motion for directed verdict and awarded plaintiff the principal amount of $117,283.01, $13,805.08 interest, and $13,108.80 attorney fees. Defendant Shiflet did not appear at trial and a default judgment was entered against him. Defendant Smith now appeals, challenging the trial court's order directing a verdict in favor of plaintiff. *Held*:

1. "A motion for directed verdict is to be granted only where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions, demands a particular verdict. OCGA § 9-11-50 (a); *Mercer v. Woodard*, 166 Ga. App. 119, 127 (13) (303 SE2d 475)." *Doyle v. Estes Heating &c.*, 173 Ga. App. 491, 493-494 (3) (326 SE2d 846).

In the case sub judice, plaintiff contends the undisputed evidence shows that defendant Shiflet, individually and on behalf of defendant Smith, borrowed $40,000 from him and "contracted to repay this loan at a certain time, place and rate of interest." Plaintiff further contends that it is undisputed that defendant Shiflet, individually and on behalf of defendant Smith, borrowed $80,000 from him and that both

defendants executed a "promissory note to repay this loan at a certain time, place and rate of interest." While there is evidence in the record to support this contention, it is not undisputed.

It is undisputed that defendant Smith did not execute the $40,000 promissory note, dated April 26, 1985, in favor of plaintiff. Further, defendant Smith testified that he neither authorized defendant Shiflet to borrow $40,000 from plaintiff nor did he authorize defendant Shiflet to execute the $40,000 promissory note on his behalf. With regard to the $80,000 loan, defendant Smith challenged the validity of the "REAL ESTATE NOTE" entered into evidence by plaintiff and testified that the document he signed was a "corporate note" which he executed in his corporate capacity.

Notwithstanding this conflicting evidence, plaintiff argues that the May 7, 1985, memorandum, executed by defendants, clarifies defendant Smith's intent to assume personal liability for the $40,000 note and the $80,000 note. We do not agree. An examination of this document reveals latent ambiguities as to the intent of the executing parties. " 'The interpretation of the language . . . in a contract is generally a question of law for the court unless it is so ambiguous that the ambiguity can not be resolved by the ordinary rules of construction.' *Hardman v. Dahlonega-Lumpkin County Chamber of Commerce*, 238 Ga. 551, 553 (233 SE2d 753) (1977)." *Garner v. Metro. Life Ins. Co.*, 152 Ga. App. 242, 243 (262 SE2d 544). In the case sub judice, the memorandum is not identified as an assumption agreement nor does it identify consideration flowing to defendant Smith for assuming personal responsibility for the debts. Consequently, we cannot say as a matter of law that this document was conclusive evidence that defendant Smith assumed personal responsibility for the $40,000 note and the $80,000 note.

Since there is conflicting evidence as to material issues of fact with regard to defendant Smith's *contractual liability* to plaintiff for the debt evidenced by the $40,000 note and concerning the capacity in which defendant Smith executed the $80,000 note, the trial court erred in directing a verdict in favor of plaintiff.

2. Defendant Smith and plaintiff have presented opposing arguments concerning the validity of the trial court's order directing a verdict in favor of plaintiff based on the doctrine of money had and received.

An action for money had and received "is implied solely in law . . . [and no] contract to repay will be implied where the entire transaction is covered by an express contract." 58 CJS 887, Money Paid, § 3. See *Fleming v. C & S Nat. Bank*, 243 Ga. 144, 146 (1) (253 SE2d 76) and *Clay v. Littlefield*, 144 Ga. App. 88, 91 (1) (240 SE2d 254). In the case sub judice, since the issue of the existence of an express contract between defendant Smith and plaintiff has not been resolved by

the finder of fact, the question of whether the undisputed facts sustain a directed verdict in favor of plaintiff on the doctrine of money had and received is premature.

*Judgment reversed. Pope, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED OCTOBER 21, 1986.

*John S. Jenkins*, for appellant.
*Robert K. Broome, Larry J. Steele, J. Hue Henry, M. T. Simmons*, for appellee.