A01A0570. HESTON v. LILLY.
(546 SE2d 816)

ELDRIDGE, Judge.

Tracey Heston aggravated a pre-existing left knee injury, which she had suffered several days prior to a collision in which she was rear-ended in a motor vehicle collision with Thomas Malcolm Lilly. In Lilly's answer, he admitted that he had been "negligent" in causing the collision between their vehicles, but in the same sentence of his answer denied that Heston was injured in the collision and that "the accident was the proximate cause of any alleged injury." On trial of the case, the jury returned a defendant's verdict.

Plaintiff appeals from the denial of her motion for new trial where she contended that the trial court erred in giving the standard pattern jury instruction on negligence, including proximate cause, when the defendant contested causation of the injury and aggravation of any pre-existing injury from the collision. At trial and on appeal, plaintiff sought to have defendant's admission in his answer that he was "negligent" in causing the collision but in denying proxi-

mate cause and damages treated as an admission of liability so that the jury had only to determine the amount of damages for the injury. Thus, plaintiff argued to the jury that the defendant admitted negligence. Under such facts and circumstances, the trial court did not err in giving the standard charge on negligence, because the elements of causation of injury and damages are two of the four essential elements necessary to constitute negligence that plaintiff had to prove and were factually in dispute. Also, the plaintiff argued that such admission of "negligence" constituted a full admission of liability, requiring the trial court to charge on the four elements of negligence so that the jury could decide what had been admitted and what plaintiff had left to prove. The plaintiff submitted no request to charge on such issue, made no exception to the charge on negligence, and did not object when the defendant argued proximate cause in closing argument. Therefore, the trial court did not err in denying the motion for new trial.

1. The defendant admitted in his answer that he negligently caused the collision, while at the same time contesting that plaintiff's injuries were proximately caused by the collision and that plaintiff suffered any personal injuries, i.e., damages from the collision, which allowed him to introduce evidence on such issues of proximate cause and damages without being estopped to deny such issue. *Aycock v. Calk*, 228 Ga. App. 172, 173 (491 SE2d 383) (1997). Thus, by admission in judicio, the defendant expressly admitted a duty and a breach of such duty, which a lay person thinks of as negligence, but in his answer he also expressly set up a defense of contested causation and damages. Id. at 173. Under the Civil Practice Act, pleadings are to be construed liberally and reasonably to achieve substantial justice consistent with the statutory requirements of the CPA. *Skelton v. Skelton*, 251 Ga. 631 (1) (308 SE2d 838) (1983); *Jacobs v. Shaw*, 219 Ga. App. 425, 427 (2) (465 SE2d 460) (1995); *Bosworth v. Cooney*, 156 Ga. App. 274, 279 (2) (274 SE2d 604) (1980); *Tahamtan v. Dixie Ornamental Iron Co.*, 143 Ga. App. 561, 562 (239 SE2d 217) (1977). The defendant in his answer did not in fact admit all the four elements of legal negligence, despite what plaintiff argues to the contrary. However, to establish legal negligence, four essential elements must be proved or admitted, which the defendant did not do. Defendant contested the last two elements of negligence in his answer.

> To state a cause of action for negligence in Georgia, the following elements are essential: (1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some

loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty. *Lee Street Auto Sales v. Warren*, 102 Ga. App. 345 (1) (116 SE2d 243) (1960).

(Punctuation omitted.) *Bradley Center v. Wessner*, 250 Ga. 199, 200 (296 SE2d 693) (1982); see also *Central Anesthesia Assoc. v. Worthy*, 254 Ga. 728, 730 (1) (333 SE2d 829) (1985); *Sutter v. Hutchings*, 254 Ga. 194, 196-197 (1) (327 SE2d 716) (1985); *Tuggle v. Helms*, 231 Ga. App. 899, 901 (2) (499 SE2d 365) (1998). Thus, the defendant admitted the first two elements necessary to establish legal negligence, but denied the last two elements as a defense, forcing plaintiff to prove the proximate cause of her injury and the damages. Although the defendant used "negligence" in his answer to indicate an admission of duty and breach of such duty, the remainder of his answer made clear that he was contesting the issues of proximate cause and damages as notice pleadings. Since the defendant, in the very same sentence that he admits negligence, denies causation and damages, then the plaintiff relinquished no right to rely upon the legal definition of negligence. From the pleadings, plaintiff had actual notice in the pleadings that the answer plainly stated that the last two elements of causation and damages were in dispute.

When admissions in judicio conflict with evidence on the merits, the trial court, [on trial], can either treat such evidence as amending the pleadings or not allow the conflicting evidence to be admitted so that the admission[s] in judicio govern[ ] until formally withdrawn by amendment.

(Citation omitted.) *Aycock v. Calk*, supra at 173. In this case, plaintiff made no objection to the introduction of evidence of plaintiff's preexisting injury, waiving such objection. See *Summerlot v. Crain-Daly Volkswagen*, 238 Ga. 546, 547 (1) (233 SE2d 749) (1977); *Walker v. Jack Eckerd Corp.*, 209 Ga. App. 517, 518 (1) (434 SE2d 63) (1993); *Stephens v. Tate*, 147 Ga. App. 366, 367 (1) (249 SE2d 92) (1978).

Further, the plaintiff failed to move for a directed verdict on the first two elements of negligence, duty and breach of duty, which the defendant had clearly admitted in judicio. *Hambrick v. Makuch*, 228 Ga. App. 1 (491 SE2d 71) (1997).

2. Plaintiff complains in her motion for new trial that the verdict was in error, because the trial court confused the jury by charging on negligence. However, at the conclusion of the charge when called upon by the trial court for her exceptions, the plaintiff through her attorney stated, "[n]o exceptions to the charge as given." Such constitutes an express waiver of alleged error in charge. See OCGA § 5-5-

24 (a); *Pierce v. Pierce*, 241 Ga. 96, 100 (4) (243 SE2d 46) (1978).

Even if the alleged error had not been waived, the charge as to proximate cause and injury was a correct statement of the law and was necessary under the facts and circumstances of this case where plaintiff had sustained an injury to her knee several days prior to the collision and where there was a factual dispute as to whether the collision caused or aggravated the alleged injury. See *Bradley Center v. Wessner*, supra at 200; *Central Anesthesia Assoc. v. Worthy*, supra at 730; *Levine v. Choi*, 240 Ga. App. 384, 385 (1) (522 SE2d 673) (1999); *Tuggle v. Helms*, supra at 901-902; *Hambrick v. Makuch*, supra at 3-4 (2) (b).

This is not a case in which the charge on the elements of negligence comes within OCGA § 5-5-24 (c), because the charge did not constitute a substantial error of law under the facts and circumstances of this case. See *Gunn v. Dept. of Transp.*, 222 Ga. App. 684, 686 (1) (476 SE2d 46) (1996).

3. The trial court did not err in denying a motion for new trial.

A trial judge's denial of a motion for new trial on evidentiary grounds will be reversed on appeal only if there is no evidence to support the verdict. . . . Evidence that plaintiff's injuries were pre-existing is sufficient for a jury to find the accident did not proximately cause the injuries.

(Citations and punctuation omitted.) *Levine v. Choi*, supra at 384-385 (1).

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED MARCH 5, 2001 —
RECONSIDERATION DENIED MARCH 30, 2001.

*Van C. Wilks*, for appellant.
*John A. Allen*, for appellee.