## A03A0391. LAWRENCE v. BLAND.
(577 SE2d 64)

ELDRIDGE, Judge.

Defendant/appellee Jerry Bland sold the Old Cotton Mill Warehouse building on Main Street in Eastman to plaintiff/appellant
Lawson Lawrence in order for Lawrence to demolish it and salvage
the materials for resale as vintage building materials. The sales contract specified the terms of the salvage operation and that Lawrence
"shall furnish a certificate of worker's compensation coverage to
[Bland] on or before the commencement of said job." Lawrence did
not do so, and his workers began salvaging the wood from the building. Because of the lack of workers' compensation insurance, Bland
stopped the job and barred the workers from reentering the warehouse building. Lawrence filed a breach of contract action, asking for
a decree of specific performance and money damages for breach of
contract. A Dodge County jury returned a verdict in favor of Bland.
Lawrence appeals, claiming error in the trial court's failure to give

one of his requested jury charges and also claiming that the evidence demanded a monetary verdict in his favor. Upon review, we affirm.

1. Lawrence first contends that the trial court erred in refusing to give his Request to Charge No. 8:

> I charge you that a breach which is incidental and subordinate to the main purpose of the contract, and which may be compensated in damages does not warrant rescission or termination nor does mere breach of contract not so substantial and fundamental as to defeat object of parties in making agreement. In order to trigger the right to rescind a contract, the act which was not performed must go to the root of the contract.

(a) At the conclusion of the jury charge, the trial court asked, "Any exceptions to the charge?" The defendant through his attorney stated, "No, Sir." This response constitutes a waiver of alleged error in a charge.[1]

(b) Under OCGA § 5-5-24 (c), an exception to waiver arises when there has been some substantial error in the jury charge which was harmful as a matter of law and which deprived a party of a fair trial, regardless of whether an objection was made. However, before this Court, Lawrence neglects to recognize that his failure to object or reserve objection to the jury charge resulted in a waiver, let alone to claim that the "substantial error" exception applies to such waiver. Accordingly, this issue is not before us.

(c) Evidence showed that the workers' compensation coverage provision was not simply "incidental" to the contract. Bland testified that "I've had so much trouble with Workman's Comp before, with claims and stuff, that I told him [(Lawrence)] that I didn't want anybody on the job prior to getting a Workman's Comp policy." When asked whether the workers' compensation insurance provision was a vital part of the contract, Bland testified that, "I wouldn't sign it without it," and further testified that he had informed Lawrence of that fact. It is undisputed that Lawrence did not "furnish a certificate of worker's compensation coverage to [Bland] on or before the commencement of the job," as required by the contract. And it is further undisputed that no such proof of coverage was given to Bland before he stopped the job and barred the workers from reentering the building. Thus, Request to Charge No. 8 did not apply to the facts of this case.[2]

---

[1] OCGA § 5-5-24 (a); *Heston v. Lilly*, 248 Ga. App. 856, 858-859 (2) (546 SE2d 816) (2001).

[2] *Alta Anesthesia Assoc. of Ga. v. Gibbons*, 245 Ga. App. 79, 88 (5) (537 SE2d 388) (2000).

Moreover, at the conclusion of the evidence, a charge conference was held but was not transcribed for review. Thereafter, Lawrence registered no objection to the trial court's failure to give the charge about which he now complains. In light of the fact that the charge was not applicable to the facts and Lawrence made no objection to its exclusion, the record does not affirmatively establish that it was the trial court's *refusal* to give the charge that resulted in its omission, as opposed to an agreement between the parties that such charge should not be given.[3] "The burden is on the party alleging error to show it affirmatively by the record."[4]

2. Lawrence claims the trial court erred in denying his motion for directed verdict on evidentiary grounds. He argues that a monetary verdict in his favor was required because, even if the contract was properly rescinded due to his failure to obtain workers' compensation insurance, the evidence showed that he expended over $22,000 in furtherance of the contract which should have been awarded to him pursuant to OCGA § 13-4-62 in order to restore him to the condition he was before the contract was made. We disagree.

> The standard of review of the trial court's denial of a motion for directed verdict in a civil case is the "any evidence" standard. Where there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed. [T]his Court must decide whether all the evidence demanded it, or whether there was some evidence supporting the verdict of the jury.[5]

Here, the jury determined that no monetary award was necessary in order to restore Lawrence to the pre-contract status quo following rescission based on Lawrence's nonperformance of the contract terms. In support of the jury's determination, the evidence showed that Lawrence's work crew started removing lumber from the Old Cotton Mill Warehouse on October 12, 2000, and worked for six days before Bland stopped the job. Roughly 5,600 board feet of vintage heart pine lumber were removed by Lawrence's work crew. Evidence showed that a local businessman, James McCranie, stopped by the job site while Lawrence was there and asked about purchasing some of the lumber "to floor a cabin with." McCranie tes-

---

[3] *Continental Research Corp. v. Reeves*, 204 Ga. App. 120, 128 (4) (a) (419 SE2d 48) (1992).

[4] (Citation and punctuation omitted.) *Gillespie v. Gillespie*, 259 Ga. 838 (388 SE2d 688) (1990).

[5] (Citations and punctuation omitted.) *U. S. Fidelity &c. Co. v. Paul Assoc.*, 230 Ga. App. 243, 249 (5) (496 SE2d 283) (1998).

tified that Lawrence quoted him a price of $6 per board foot. Based on the value that Lawrence placed on the materials, $30,000 worth of lumber was removed from the warehouse by Lawrence. Since this amount is far in excess of the $23,301 Lawrence claimed he had expended in furtherance of the contract, the evidence supported the jury's decision that no monetary award to Lawrence was necessary in order to restore him to the pre-contract status quo.

To dispute this conclusion, Lawrence argues that McCranie is a "local watermelon farmer" with "no experience or expertise in raw lumber"; thus, Lawrence contends that McCranie's nonexpert opinion about the value of the board feet "was without probative value and provided no 'any evidence' upon which the jury could base their verdict." However, this contention is without a factual basis, because McCranie did not testify as to *his* opinion about the value of the lumber; he testified about the value that *Lawrence* placed on the lumber. And it is undisputed that Lawrence has "experience or expertise in raw lumber."

Lawrence also claims that the $6 per board foot price he quoted to McCranie was an exaggeration designed to deter McCranie's interest and that the real value of the lumber was only 20¢ to 30¢ per board foot as established by his own expert testimony at trial. Thus, according to Lawrence, the lumber removed was worth only $1,200, leaving $22,101 that the jury should have awarded to him in order to restore him to his pre-contract condition. We find that Lawrence's argument simply addresses a conflict in the evidence. A directed verdict is proper only "[i]f there is no conflict in the evidence as to any material issue."[6] In this case, the jury was authorized to find that the $6 per board foot price initially quoted by Lawrence to McCranie was the price he expected to get for the lumber he removed from the Old Cotton Mill Warehouse, despite his later conflicting testimony.[7]

As there was some evidence to support the jury's verdict that no monetary award to Lawrence was necessary in order to restore him to a pre-contract condition, we find no error in the trial court's denial of Lawrence's motion for directed verdict on such ground.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

---

[6] OCGA § 9-11-50 (a).

[7] Apparently, the 30¢ per board foot price to which Lawrence testified was for the material "in the raw" bought from a demolition contractor by another contractor such as Lawrence. However, in his complaint, Lawrence asserted that he intended to "refurbish[ ] and restor[e] the aged material for resale on the retail market," which would clearly affect the value of the lumber.

DECIDED JANUARY 29, 2003.

*Straughan & Straughan, Mark W. Straughan,* for appellant.
*Charles M. Johnson,* for appellee.