[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11438

Non-Argument Calendar

_____

MASSACHUSETTS BAY INSURANCE COMPANY,

Plaintiff-Appellant,

*versus*

D.C.J.D. CORPORATION,
d.b.a. Markey Insurance Group,
MICHAEL BRANCH HENDERSON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

2                    Opinion of the Court                    23-11438

D.C. Docket No. 1:21-cv-01002-VMC

_____

Before NEWSOM, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

This case arises out of a contract dispute between Massachusetts Bay Insurance Company ("MBIC" or "Appellant") and D.C.D.J. Corporation, d/b/a Markey Insurance Group ("Markey") and Michael Branch Henderson (collectively "Appellees"). Markey had entered into an agency agreement with MBIC that allowed it to sell commercial insurance policies on MBIC's behalf. Henderson was one of Markey's employees.

MBIC alleged a breach of the agency agreement when Henderson did not promptly notify MBIC of an insurance claim, thus prompting MBIC's federal lawsuit against Markey and Henderson. MBIC now appeals the district court's grant of summary judgment in favor of Markey and Henderson. After a thorough review of the record and the parties' briefs, we conclude that the district court properly granted summary judgment in Markey and Henderson's favor because MBIC failed to show Markey and Henderson caused the claim-related damages MBIC incurred. We, therefore, affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In 2017, MBIC issued a businessowners insurance policy to Formosa Enterprise, LLC ("Formosa"). Among other things, this businessowner's policy protected Formosa against lawsuits based

on bodily injury that occurred from October 31, 2017, through October 31, 2018.

The policy contained two relevant notice provisions. The first provided: "[Formosa] must see to it that [MBIC is] notified as soon as practicable of an 'occurrence' or an offense which may result in a claim." The second provided: "If a claim is made or 'suit' is brought against any insured, you must . . . [n]otify [MBIC] as soon as practicable." Related to the second provision, the policy also required that the insured send "us" copies of any "demands, notices, summonses or legal papers received in connection with the claim or 'suit'[.]" The policy listed Markey as the registered insurance agent for the policy.

On June 30, 2018, Larry Douglas—an individual visiting a business Formosa owned—tripped on an object that was out of place on the floor and sustained severe spinal injuries from the fall. Five months later, Douglas and his wife sued Formosa for injuries arising out of the fall. Douglas ultimately died by suicide allegedly as "a direct result of the pain" from the fall.

Formosa did not notify MBIC of the accident or the lawsuit despite the policy's requirement that MBIC be "notified as soon as practicable of an 'occurrence' or an offense which may result in a claim." Instead, Formosa contacted Henderson, an insurance agent with Markey. According to Henderson, he advised Formosa to report the claim directly to MBIC, but Formosa contended that Henderson said he would "take care of it." Regardless of what was said between Henderson and Formosa, Formosa never responded

to the lawsuit.  A default judgment was entered against Formosa as to liability on February 4, 2019, and Henderson ultimately notified MBIC of the default judgment on September 30, 2019.  After MBIC learned of the default judgment, MBIC accepted a time-limited, policy limits demand to settle the lawsuit against Formosa for $1,000,000.

MBIC subsequently filed suit against Markey and Henderson.  It alleged that Markey and Henderson breached an agency agreement between MBIC and Markey by not promptly informing MBIC of the Douglases' lawsuit.  MBIC also brought a negligence claim, stating that it should have been notified of the incident and lawsuit earlier.

Prior to the dispositive motions deadline, MBIC disclosed an expert, Wade Vandiver, and filed his expert report.  In his report, Vandiver concluded that, because MBIC was unable to properly investigate the Douglases' personal injury claims, it was unable to properly defend Formosa by developing available, meritorious defenses that "could have significantly impacted the claim's value." He determined that the settlement value of the claims "was not a foregone conclusion because liability defenses existed at the time the Douglases filed suit," and the delayed report of the suit after default judgment had been entered and Douglas ending his life resulted in MBIC suffering significant adverse consequences.  He believed defenses were available to Formosa that "could have resulted in a complete defense verdict, if not significantly reduced the liability," had the claims been appropriately reported.

Markey and Henderson also disclosed two experts, Thomas B. Ahart and Louis G. Fey, Jr. Relevant here, Fey's expert report explained that, regardless of liability, the full value of the Douglases' claims was in excess of $5 million. Fey came to this conclusion based on the fact that Douglas, an elderly man, incurred at least $355,000 in medical expenses and had an income of over $900,000. Additionally, his wife had a sizable claim for loss of support and consortium. All this, in conjunction with the fact that Douglas committed suicide by handgun while visiting his wife at the hospital, would have meant that the Douglases had "an extremely high level of jury appeal, making policy limits a foregone conclusion, regardless of liability." Thus, to him, this case "was a policy limits case regardless of liability," and any "alleged late reporting of the claim did not impact" the outcome.

After discovery closed, Markey and Henderson filed separate motions for summary judgment, and MBIC filed a partial motion for summary judgment. In its motion, MBIC argued that Markey and Henderson breached their contractual duty to promptly report the claim and the breach resulted in damages—the $1,000,000 paid to the Douglases—because MBIC was prevented from an opportunity to investigate Douglas's claim due to the 15-month delay in notice. Notably, MBIC did not refer to Vandiver or his expert report anywhere in its summary judgment briefing, nor did he attach the expert report as an exhibit for the court's consideration.

Markey and Henderson argued, in relevant part, that MBIC failed to establish causation, i.e., that MBIC's liability was based solely on Markey's alleged wrongdoing. In support of their contention, Markey and Henderson relied on Fey's expert testimony.

The district court granted Markey and Henderson's motions for summary judgment as to both the breach of contract and negligence claims. It explained that, under Georgia law, both of MBIC's claims required MBIC to demonstrate causation—i.e., proof of damages caused by Markey and Henderson. It then ruled that MBIC failed to establish causation because, as Fey's expert report explained, the Douglases' claims had an extremely high level of jury appeal, making it almost certain that MBIC would tender its full policy limits on the case. It further determined that MBIC failed to "point to any expert evidence or testimony" to rebut the expert testimony that Markey and Henderson introduced showing that a finding of liability was almost certain in this case. The district court declined to presume damages because there was no evidence of bad faith on Markey and Henderson's part. MBIC's appeal followed.

## II.    STANDARD OF REVIEW

"We review *de novo* a district court's grant of summary judgment." *Walker v. Life Ins. Co. of N. Am.*, 59 F.4th 1176, 1185 (11th Cir. 2023). In doing so, we construe all evidence and reasonable inferences in the light most favorable to the non-moving party. *Id.*

## III.    DISCUSSION

On appeal, MBIC argues that the district court erred when it denied its partial motion for summary judgment because the language in the policy requiring notice of any incident or claim "as soon as practicable" was clearly violated.  MBIC also contends that the district court gave improper weight to Fey's expert report on the issue of damages, and it ignored evidence that created a genuine dispute of material fact on the issue of damages.

To succeed on a breach of contract claim in Georgia, a plaintiff must show "(1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." *McAlister v. Clifton*, 873 S.E.2d 178, 183 (Ga. 2022) (internal quotation marks omitted). Similarly, to prove negligence in Georgia, a plaintiff must demonstrate: (1) a legal duty to conform to a standard of conduct; (2) breach of this standard; (3) a causal connection between the breach and the injury; and (4) damages as a result of the beach.  *Heston v. Lilly*, 546 S.E.2d 816, 818 (Ga. Ct. App. 2001).

As an initial matter, we need not address MBIC's contention that the district court erred in denying its motion for summary judgment based on both the breach of the policy and a breach of duty. This is because, regardless of the existence of a breach, for MBIC to prevail on both claims, MBIC had to prove that the damages it incurred were a direct result of Markey and Henderson's failure to comply with the notice provision in the contract- a burden it did not meet.

MBIC argues it met its burden of proof and that the district court "ignored" Vandiver's expert report in which he opined that "defenses were available to Formosa that could have resulted in a complete defense verdict, if not significantly reduced the liability to Formosa." This characterization, however, is inaccurate.

As noted above, MBIC never relied upon Vandiver's expert report in its summary judgment briefings. The district court cannot err by failing to consider evidence upon which MBIC never once cited below. *See Blue Cross & Blue Shield of Al. v. Weitz*, 913 F.2d 1544, 1550 (11th Cir. 1990) ("Presenting . . . arguments in opposition to a motion for summary judgment is the responsibility of the non-moving party, not the court . . . ."). Therefore, MBIC cannot raise this argument. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("If we were to regularly address questions—particularly fact-bound issues—that districts court never had a chance to examine, we would not only waste our resources, but also deviate from the essential nature, purpose, and competence of an appellate court.").

Even if MBIC had cited to the expert report in its summary judgment pleadings, this argument still fails. This evidence demonstrates, at most, that Markey and Henderson *might* have caused MBIC damages. According to Vandiver, "regarding liability, defenses were available to Formosa that *could* have resulted in a complete defense verdict." It was also his expert opinion that the delayed notice "*could* have significantly impacted the claim's value." He did not claim the defenses would have resulted in a defense

verdict as to liability or that these defenses would have impacted the claim's value, and "[s]peculation does not create a genuine issue of fact." *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (emphasis omitted).  Therefore, the district court did not err in granting Markey and Henderson's motion for summary judgment.

## IV.    CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.