## A90A0269. HOGAN v. PONY EXPRESS COURIER CORPORATION et al.
### (394 SE2d 391)

COOPER, Judge.

This appeal is from the trial court's grant of appellees' motion for judgment notwithstanding the mistrial in a case arising out of an automobile collision between a car in which appellant was a passenger and a tractor trailer truck.

Appellant's car was travelling in the single eastbound lane of a highway which at the point of the collision, consisted of two westbound lanes and one eastbound lane, divided by a double yellow line. It is undisputed that appellant's driver put his left turn signal on, crossed the dividing yellow lines, and began travelling east in one of the westbound lanes. A Pony Express van had been behind appellant's car for approximately one-half mile and the driver, assuming that appellant's car was going to turn left at the next driveway stayed in the eastbound lane and increased her speed to pass appellant's car. Although the evidence is somewhat conflicting regarding the next sequence of events, it appears that when the driver of the van saw a tractor trailer truck travelling west in the same westbound lane in which appellant's car was travelling east, she let off the gas in an attempt to give appellant's car room to move back into the eastbound lane; however, upon realizing that a collision between appellant's car and the truck was imminent, she pulled onto the shoulder and went down an embankment. Appellant's car collided with the truck in the westbound lane, killing appellant's driver and injuring appellant. Appellant brought a lawsuit against the estate of the driver of the car in which she was a passenger, the driver of the tractor trailer truck and his employer, the driver of the Pony Express van, Pony Express and its insurer. Before the conclusion of the trial, appellant reached a settlement with all defendants except Pony Express, its driver and insurer. When the jury was unable to reach a verdict, the court declared a mistrial.

1. In her first two enumerations of error, appellant contends that the trial court erred in granting appellees' motion for judgment notwithstanding the mistrial. " 'A motion for judgment notwithstanding a mistrial is analogous to a motion for a directed verdict or motion for judgment notwithstanding the verdict in that the same can be sustained only where '(t)here is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict.' [Cits.]" *Georgia Power Co. v. Purser*, 152 Ga. App. 181, 182 (262 SE2d 473) (1979). Appellant contends that the evidence is conflicting as to the sequence of events which occurred after appellant's car crossed the double yellow lines into the westbound lane. An accident reconstructionist testi-

fied that in his opinion there was a slight impact between appellant's car and the Pony Express van when appellant's car tried to reenter the eastbound lane. He also testified that but for the presence of the Pony Express van, appellant's car would have been able to reenter the eastbound lane and the collision between appellant's car and the tractor trailer truck would not have occurred. Appellant contends that the evidence was sufficient for the jury to conclude that the van driver was negligent in following too closely, in attempting to pass appellant's car on the right, or in preventing appellant's car from reentering the eastbound lane. We acknowledge, as did the trial court in granting appellees' judgment notwithstanding the mistrial, that the sequence of events leading up to the collision is somewhat unclear; however we agree with the trial court that the evidence introduced, with all reasonable deductions and inferences therefrom, does not support a finding that appellees were negligent in any manner. " 'Negligence is not to be presumed, but is a matter for affirmative proof. In the absence of affirmative proof of negligence, we must presume performance of duty and freedom from negligence.' [Cit.]" *Neal v. Miller*, 194 Ga. App. 231, 232 (390 SE2d 125) (1990). Although issues of negligence, proximate cause and contributory negligence are typically matters for the jury, appellant has failed to prove any fault on the part of appellees. Accordingly, the trial court did not err in directing a verdict in favor of appellees. See *Clayton v. Larisey*, 190 Ga. App. 512, 514 (379 SE2d 789) (1989).

2. Appellant contends that the trial court erred in failing to instruct the jury in the exact statutory language of OCGA § 40-6-43. We have examined the charge and find that it accurately stated the law in substance, and there was no error in failing to charge exactly as appellant requested. *Brooks v. Coliseum Park Hosp.*, 187 Ga. App. 29, 34 (369 SE2d 319) (1988).

3. In her final enumeration of error, appellant contends that the trial court erred in finding that the last clear chance doctrine was inapplicable to the case. We disagree. The last clear chance doctrine requires among other things that there be negligence on the part of the plaintiff. *Ellerbee v. Interstate Contract Carrier Corp.*, 183 Ga. App. 828 (4) (360 SE2d 280) (1987). Although there was ample evidence that appellant's driver was negligent, there is no evidence that his negligence was imputed to appellant. Therefore, the trial court correctly ruled that the last clear chance doctrine was inapplicable.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED MAY 11, 1990.

*Mathis, Sands, Jordan & Adams, Charles A. Mathis, Jr., Brian*

*G. Combs, Virgil L. Adams,* for appellant.

*Webb, Carlock, Copeland, Semler & Stair, Kent T. Stair, Douglas A. Wilde,* for appellees.