A93A2017. LOLMAUGH v. T.O.C. RETAIL, INC.

(436 SE2d 708)

BIRDSONG, Presiding Judge.

Appellant Kathryn Lolmaugh appeals the trial court's order granting appellee T.O.C. Retail's motion for judgment notwithstanding mistrial.

Appellant drove to a Magic Market to get gas. She stood near the pump; the clerk inside the store waved and activated the gas pump. After pumping several dollars worth of gas, appellant entered the market. It is disputed whether she asked the clerk (who was talking on the phone to her manager) for merely a package of cigarettes and gave the brand name or stated she "also needed" a package of cigarettes. Appellant then handed the clerk $20 without mentioning she had purchased gas. The clerk charged appellant only for cigarettes, because she was then unaware that appellant was the woman who had pumped the gas. The clerk testified appellant glanced briefly at the entry on the cash register showing the amount tendered and the amount of change due and then put her head down. Appellant put the change given her by the clerk into her purse without counting it; she exited the market and went to her car. The clerk, observing appellant enter the car that was at the gas pump, immediately went outside and called to appellant who drove away without looking back. The clerk informed her manager of the incident and then, pursuant to company policy, called the police. The clerk subsequently advised the police officer of the facts surrounding the incident. The officer contacted appellant and obtained her version of the events (appellant thought she had been charged for the gas and claimed she offered to pay for it to rectify her mistake). Thereafter, the officer obtained an arrest warrant and asked appellant to report to the police station. At the station, appellant was handcuffed, fingerprinted, and held for about an hour until a bondsman posted her bond. The theft by taking accusation was bound over to state court. This criminal charge was dead-docketed, apparently to preserve the State's prosecutorial resources, after appellant demanded jury trial. The trial court subsequently granted appellant's motion for dismissal of the charge.

Appellant brought suit for damages against appellee for false arrest and malicious prosecution. Appellee's motion for directed verdict was taken under advisement by the trial court. The case went to the jury but the jury was unable to reach a verdict after several hours of deliberation. The trial court granted a mistrial. Appellee's subsequent motion for judgment notwithstanding mistrial also was granted. Held:

1. "A motion for judgment notwithstanding a mistrial is analogous to a motion for a directed verdict or motion for judgment notwithstanding the verdict in that the same can be sustained only where there is no conflict in the evidence as to any material issue and the

evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict." (Citations and punctuation omitted.) *Hogan v. Pony Express Courier Corp.*, 195 Ga. App. 592 (1) (394 SE2d 391); OCGA § 9-11-50 (b). In applying this test, the evidence must be construed in favor of the party opposing the motion for judgment notwithstanding mistrial. See *Smith v. Ross*, 255 Ga. 193, 194 (336 SE2d 39).

2. Appellant contends the trial court erred in granting appellee's motion for judgment notwithstanding mistrial, because appellant's posting of a bond only created a presumption of probable cause, and any presumption created under the facts of this case did not demand judgment for appellee/defendant.

Pretermitting this issue is the question of malice. Although not expressly provided by statute, the "malice" contemplated by law in an action for malicious prosecution is the same as in an action for malicious arrest, and consists in personal spite or in a general disregard of the right consideration of mankind directed by chance against the injured individual. *Barber v. H & H Muller Enterprises*, 197 Ga. App. 126, 130 (2) (397 SE2d 563); compare *Worn v. Warren*, 191 Ga. App. 448, 449 (1) (382 SE2d 112), and cases cited therein and *Pinkston v. City of Albany*, 196 Ga. App. 43 (1) (395 SE2d 587) (physical precedent only).

The record is devoid of any evidence to suggest that appellee or its employee acted out of any motivation other than a desire to protect appellee's property from an unlawful taking. Compare *Amason v. Kroger Co.*, 204 Ga. App. 695, 697 (2) (420 SE2d 314). Further, there exists no direct evidence of malice on the part of appellee or its employee.

A factfinder may reasonably infer the existence of malice from a *total* lack of probable cause (OCGA § 51-7-44; see *Barber*, supra). Yet, " ' "where there is no evidence of malice other than such inference as may be drawn from proof of the want of probable cause, and that proof shows *some* circumstances pointing to the guilt of the accused, although insufficient to exclude every other reasonable hypothesis, the essential ingredient of malice is not so established as to entitle the plaintiff in an action for malicious prosecution (or malicious [false] arrest) to recover." ' " *Barber*, supra. In this regard, probable cause is totally absent in a malicious prosecution or false arrest action when the circumstances would satisfy a reasonable person that the accuser had no ground for proceeding except a desire to injure the accused. *Garmon v. Warehouse Groceries Food Center*, 207 Ga. App. 89, 92 (2) (427 SE2d 308). "Although criminal intent is a material element of [theft by taking], a store employee need not determine the subjective intent of a suspected [customer] before seeking an arrest and prosecution under the [theft by taking] statute." Id. Thus, appel-

lee and its employee were under no duty to inquire or investigate to determine appellant's subjective criminal intent before reporting the incident to the police or even initiating criminal prosecution. See *Garmon*.

In this case there is no *total* lack of probable cause; also, at the time of the incident, circumstances existed pointing to appellant's guilt. Applying the standards in Division 1, we find the trial court did not err in granting appellee's motion for judgment notwithstanding mistrial. Appellant's additional contentions are without merit.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED OCTOBER 1, 1993 —
RECONSIDERATION DENIED OCTOBER 21, 1993 ▮▮▮▮▮▮▮▮▮

*John G. Wolinski*, for appellant.
*Sullivan, Hall, Booth & Smith, Jeffrey T. Wise*, for appellee.