629 So.2d 307 (1993)
PENNCO, INC., Appellant,
v.
AMERICAN GENERAL HOME EQUITY INC., Appellee.
No. 93-00200.
District Court of Appeal of Florida, Second District.
December 22, 1993.
*308 Michael D. Sonnenschein, Michael D. Sonnenschein, P.A., Orlando, for appellant.
Glenn T. Shelby, Lakeland, for appellee.
PER CURIAM.
The appellant, Pennco, Inc., challenges a final summary judgment entered in favor of the appellee, American General Home Equity, Inc. We reverse.
The appellee filed an action seeking to reestablish a lost promissory note and to foreclose a mortgage on property owned by the appellant. The appellant answered the complaint and filed an affirmative defense which denied that it had defaulted and asserted that any debt owed to the appellee had been paid in full.
After the matter was at issue, the appellee filed a motion for summary judgment alleging that there was no genuine issue of material fact and that it was entitled to a judgment as a matter of law. In opposition to the appellee's motion, the appellant filed an affidavit, signed by its president, stating that the payments had been paid but not properly credited to the appellant. The trial court entered a summary judgment in favor of the appellee and this timely appeal followed.
A motion for summary judgment may be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fla.R.Civ.P. 1.510(c). The burden is on the movant to demonstrate conclusively that the nonmoving party cannot prevail. Gomes v. Stevens, 548 So.2d 1163 (Fla. 2d DCA 1989); Snyder v. Cheezem Dev. Corp., 373 So.2d 719 (Fla. 2d DCA 1979). If the record reflects the existence of any genuine issue of material fact, or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper. Gomes; Snyder. In this case, summary judgment was improperly granted because appellee did not meet this burden.
The appellant's affidavit reflects the existence of a genuine issue of material fact, i.e., whether all necessary payments were made and, if so, if they were misapplied. Since the record reflects the existence of a genuine issue of material fact, the trial court erred in entering a summary judgment in favor of the appellee, and we, accordingly, reverse and remand for proceedings consistent herewith. Gomes; Snyder.
Reversed and remanded with instructions.
FRANK, C.J., and DANAHY and SCHOONOVER, JJ., concur.