A95A0596. COX et al. v. STATE FARM FIRE & CASUALTY
COMPANY.
(459 SE2d 446)

BIRDSONG, Presiding Judge.

Lewis D. Cox and his wife Joanne Cox appeal the trial court's grant of judgment notwithstanding a mistrial to State Farm in the Coxes' action on their State Farm homeowner's policy to recover for structural damage to their home allegedly caused by explosions in the vicinity of their property. At the conclusion of the Coxes' case, State Farm's motion for a directed verdict, based upon a provision in the policy excluding coverage for "earth movement," was denied. The case was submitted to the jury, and when the jury was unable to reach a verdict and a mistrial was granted, State Farm moved for and was granted judgment notwithstanding the mistrial based upon the earth movement exclusion.

The issue in this appeal is whether application of the principle of ejusdem generis to the policy exclusion must limit the exclusion to earth movement resulting from natural causes. We find that it does and reverse. *Held*:

1. A motion for judgment notwithstanding a mistrial is analogous to a motion for a directed verdict and a motion for judgment notwithstanding the verdict in that the motion can be sustained only when there is no conflict in the evidence on any material issue and the evidence, with all reasonable deductions, demands a particular verdict. When applying this test, the evidence must be construed in favor of the party opposing the motion. *Lolmaugh v. T. O. C. Retail*, 210 Ga. App. 605, 606 (436 SE2d 708); *Hogan v. Pony Express Courier Corp.*, 195 Ga. App. 592 (394 SE2d 391). As we find the evidence, at best, conflicting on the issue of causation for the earth movement, the issue is whether the exclusion precludes coverage for all earth movement.

2. The State Farm policy insured for accidental direct physical loss to the Coxes' home except as excluded by the policy. The policy contained these exclusions: "1. We do not insure for any loss to the [covered property] which consists of, or is directly and immediately caused by, one or more of the perils listed . . . below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of . . . settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings. . . . 2. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether

the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these . . . b. Earth movement, meaning the sinking, rising, shifting, expanding or contracting of earth, all whether combined with water or not. Earth movement includes but is not limited to earthquake, landslide, mudflow, sinkhole, subsidence and erosion. Earth movement also includes volcanic explosion or lava flow, except as specifically provided [in the policy]. We do insure for any direct loss by fire, explosion other than explosion of a volcano, theft, or breakage of glass or safety glazing materials which are part of the dwelling resulting from earth movement, provided the resulting loss is itself a loss insured."

The question presented here is whether these exclusions prevent coverage for damage to the Coxes' dwelling caused by vibrations resulting from explosions in the vicinity of their property. We hold that they do not. The policy plainly covers damages from explosions, and although the policy excludes damages resulting from earth movement, the examples given in the policy all arise from natural causes. "It is a well-recognized rule that when a statute or document enumerates by name several particular things, and concludes with a general term of enlargement, this latter term is to be construed as being ejusdem generis with the things specifically named; unless, of course, there is something to show a wider sense was intended." (Citation and punctuation omitted.) *Ga. Baptist Children's Homes &c. v. Essex Ins. Co.*, 207 Ga. App. 346, 348 (427 SE2d 798). Because the items listed in these exclusions are all natural events, the scope of the exclusions is limited to earth movement arising from natural causes. Giving the terms in the policy their literal meaning (*United States Fire Ins. Co. v. Capital Ford &c.*, 257 Ga. 77, 79 (355 SE2d 428)), these exclusions do not prohibit coverage for earth movement caused by explosions. Moreover, we do not find that the provision in the excluding coverage for loss that "arises from natural or external forces" shows that a wider sense was intended. Because "external" is not defined in the policy, we must give the word its usual and common meaning. OCGA § 13-2-2 (2). As we have found no definition of the word that means anything other than apart, beyond, exterior or connected to the outside (see Webster's Third New International Dictionary), we cannot define the word to include a concept of non-natural or man-made forces as State Farm would have us do. Therefore, we must interpret this provision as excluding coverage arising from natural forces from beyond or outside the property. Consequently, even though this policy contains the "natural or external forces" provision that was not present in *Peach State Uniform Svc. v. American Ins. Co.*, 507 F2d 996 (5th Cir. 1975), this addition is not significant.

Accordingly, the grant of the judgment notwithstanding the mis-

trial must be reversed and the case remanded to the trial court.
*Judgment reversed. Johnson and Smith, JJ., concur.*

DECIDED JULY 11, 1995.

*Hatcher, Johnson & Meaney, James A. Meaney III*, for appellants.
*Watson & Dana, Dennis D. Watson*, for appellee.