## A97A1524. HAMBRICK v. MAKUCH.

(491 SE2d 71)

ELDRIDGE, Judge.

Appellant Michelle Ann Hambrick was involved in an automobile collision on August 26, 1994, in Augusta, Richmond County. It is undisputed that appellee, Emily Makuch, struck appellant's Ford Explorer from behind while appellant was stopped prior to merging into oncoming traffic. Appellant sued appellee for, inter alia, medical expenses, pain and suffering, lost wages, and vehicle repair expenses. Appellee admitted to negligently causing the collision. Following a jury trial on January 23, 1997, a verdict was returned in favor of appellee. A timely direct appeal followed. *Held*:

1. Appellant asserts that the trial court erred in failing to direct a verdict for appellant on the issue of appellee's liability for appellant's alleged injuries. "To state a cause of action for negligence in Georgia, the following elements are essential: '(1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty.' (Cit.)" *Bradley Center v. Wessner*, 250 Ga. 199, 200 (296 SE2d 693) (1982).

Under OCGA § 9-11-50, a motion for a directed verdict "can be sustained only when there is no conflict in the evidence *on any material issue* and the evidence, *with all reasonable deductions*, demands

a particular verdict. When applying this test, the evidence must be construed in favor of the party opposing the motion. *Lolmaugh v. T. O. C. Retail*, 210 Ga. App. 605, 606 (436 SE2d 708) [(1993)]; *Hogan v. Pony Express Courier Corp.*, 195 Ga. App. 592 (394 SE2d 391) [(1990)]." (Emphasis supplied.) *Cox v. State Farm Fire &c. Co.*, 217 Ga. App. 796 (459 SE2d 446) (1995); see also *McQuaig v. McLaughlin*, 211 Ga. App. 723, 726 (440 SE2d 499) (1994); *MARTA v. Partridge*, 187 Ga. App. 637, 638 (371 SE2d 185) (1988); *Smith v. Allen*, 180 Ga. App. 624, 626 (349 SE2d 548) (1986); *Beard v. Fender*, 179 Ga. App. 465 (346 SE2d 901) (1986).

In the case sub judice, appellee admitted in her answer that she was negligent in causing the collision with appellant's vehicle, so we find that appellant was entitled to a partial directed verdict on the issues of duty and breach of such duty, as well as the factual causation of the collision, itself.

2. However, as to the resulting damage to appellant's vehicle and to appellant's alleged injuries, the plaintiff/appellant still had the burden to provide "a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough. . . . Prosser and Keaton on Torts (5th ed. 1984), 41, p. 269." (Punctuation omitted.) *Anneewakee v. Hall*, 196 Ga. App. 365, 367 (396 SE2d 9) (1990); see also *Nelson v. Polk County Historical Society*, 216 Ga. App. 756 (456 SE2d 93) (1995). "It is basic in our law that no liability attaches unless the negligence alleged is the proximate cause of the injury sustained." *Dietz v. Becker*, 209 Ga. App. 678, 679 (434 SE2d 103) (1993), citing *Dilworth v. Boeckler*, 187 Ga. App. 241 (370 SE2d 17) (1988); *Cline v. Kehs*, 146 Ga. App. 350 (6) (246 SE2d 329) (1978). Issues of proximate causation generally are reserved for the jury and are not appropriate for summary adjudication. See *Smith v. Southeastern &c. Ins. Co.*, 258 Ga. 15, 16 (365 SE2d 105) (1988); see also *Castleberry's Food Co. v. Smith*, 205 Ga. App. 859, 862 (424 SE2d 33) (1992).

(a) On the issue of the alleged damage to appellant's vehicle, appellant submitted a bill for the cost of repairing the damage incurred in the collision. She also submitted a bill for the cost of leasing another vehicle during the repair period.

However, the appellee and her passenger both testified that they did not see any damage to appellant's vehicle following the collision; the appellee stated that her car "rolled" into appellant's car; the passenger stated that the appellee's car was moving at five mph or less at the time it "bumped" appellant's vehicle; and the defense presented pictures of the appellee's vehicle, showing one small scratch on the front bumper. Under the "any evidence" standard of review by this Court, we are compelled to find that such evidence

presents a jury question and precludes a directed verdict for the appellant on the issue of proximate causation of the damage to appellant's vehicle.[1] See *Cox v. State Farm Fire &c. Co.*, supra.

(b) A jury question also exists as to whether the collision caused or aggravated appellant's alleged injuries, and the trial court did not err in refusing to direct a verdict on this issue.

Appellant presented deposition testimony from three physicians, who opined that the traffic accident could be related to appellant's alleged injuries. Appellant asserts that such evidence was "uncontradicted," so that a jury was not authorized to disregard this testimony. We disagree. "Expert testimony is intended to aid the jury in arriving at the correct conclusion upon the issue made; but the jury is not bound by the opinion of experts and may disregard it or give such testimony credence or not as it sees fit." *Cates v. Harris*, 217 Ga. 801, 803 (125 SE2d 649) (1962), quoting *Boyd v. State*, 207 Ga. 567, 569 (63 SE2d 394) (1951), overruled on other grounds, *Lavender v. State*, 234 Ga. 608, 610 (216 SE2d 855) (1975). In the case sub judice, the jury was so instructed, and they may have chosen to reject the physician's testimony regarding causation.

Further, appellant's characterization of the physician's testimony as "uncontradicted" is inaccurate, in that all three doctors were subjected to cross-examination during the deposition, and all admitted that the symptoms of appellant's injuries were subjective in nature; that appellant's objective x-rays and medical tests, including a CT scan and a myelogram, were negative; that appellant exhibited no injuries related to her assertion that, upon impact, her body hit the steering wheel; and that the back and neck pain, if present, could have been caused by something other than the collision.

Finally, although appellant also testified about the collision and asserted that her injuries were a direct result of the collision, she admitted during cross-examination that she had experienced some

---

[1] However, we note that a directed verdict may have been appropriate if appellant had established that the damage to her vehicle clearly and indisputably was caused by the collision. See *Pique v. Lee*, 218 Ga. App. 357, 358 (461 SE2d 302) (1995); *Begin v. Ga. Championship Wrestling*, 172 Ga. App. 293, 295 (322 SE2d 737) (1984). For example, photographs of the damage or testimony from the person who repaired the vehicle would have substantially aided appellant's case. Appellant could have negated any inference that the damage repaired on the vehicle occurred at another time by testifying as to the absence of such damage before the collision, or of damage subsequent to the collision but prior to repair. Further, on cross-examination of the appellee and her passenger, appellant could have challenged their testimony regarding the speed of appellee's vehicle, and on the thoroughness of their investigation prior to their determination that there was no damage to appellant's vehicle. Such testimony regarding the damage may have also been an objectionable lay opinion, as neither witness was qualified to make a determination of the presence or extent of the damage, some of which may have been structural, as opposed to aesthetic, in nature. However, lacking such affirmative evidence of the damage, and in the absence of such challenges, appellee's evidence is marginally sufficient to avoid a directed verdict.

back discomfort prior to the collision as a result of her job as a dental assistant. She testified that, although she was wearing a seatbelt and was hit from behind, she was thrown forward, not backward, and that it was a "low-impact accident." She also admitted that, after the collision, she told the appellee and a police officer that she and her child, a passenger, were both "fine."

As previously noted, during the defense's case, appellee testified that her car "rolled" into appellant's vehicle; her passenger also testified that appellee's car was going no more than five mph at the time it "bumped" appellant's vehicle. In support of that assertion, appellee presented evidence that included pictures of her car, showing one small scratch on the front bumper. As previously mentioned in this division, neither appellee nor her passenger noticed any damage to appellant's vehicle following the collision.

Under the circumstances, a jury issue existed regarding whether the collision proximately caused appellant's alleged injuries. Appellant was not entitled to a directed verdict on the issue of appellee's liability for the injuries.

In summary, since it is impossible to determine whether or not the jury's verdict for the defendant/appellee was predicated on a finding that the appellee did not breach a duty to appellant, the appellee's negligence did not cause the collision, or the collision did not cause the damages asserted by appellant, a new trial is necessary. The only remaining issues for jury determination in such trial are whether the collision caused the damage to appellant's vehicle and appellant's alleged injuries and, if so, the amount of damages to be awarded.

*Judgment reversed and remanded for trial in a manner consistent with this opinion. Ruffin, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 21, 1997 —
RECONSIDERATION DENIED AUGUST 6, 1997 — 

*Glover & Blount, Percy J. Blount*, for appellant.
*Charles C. Mayers*, for appellee.

