829 So.2d 242 (2002)
STATE FARM FIRE AND CASUALTY COMPANY, Appellant,
v.
Luis CASTILLO and Madeline Castillo, Appellees.
No. 3D01-244.
District Court of Appeal of Florida, Third District.
August 14, 2002.
Rehearing and Rehearing Denied November 6, 2002.
Hunter & Hunter & Brian Charlton Hunter, Miami; Elizabeth K. Russo, Miami, for appellant.
Ginsberg & Schwartz and Todd Schwartz, Miami; Sarah Steinbaum, Orlando, for appellees.
Before GODERICH, GREEN, and SORONDO, JJ.
Rehearing and Rehearing En Banc Denied November 6, 2002.
*243 GREEN, J.
State Farm & Casualty Company ("State Farm") appeals an adverse final summary judgment entered in favor of Luis and Madeline Castillo on claims for coverage under their homeowner's policy for structural damage to their home caused by construction blasting near their property. State Farm argues that the trial court erred in entering summary judgment in the Castillo's favor where its policy excluded coverage for losses from any earth movement however caused. We agree and reverse.
The Castillo's home sustained extensive cracking damage to the walls and flooring caused by earth movement below the structure of the house from nearby blasting. They made a property damage claim under their State Farm homeowner's policy. When State Farm and the Castillo could not initially agree on the cause or amount of the losses, State Farm initiated the proceeding below seeking the appointment of an umpire pursuant to the terms of the policy. The Castillos filed their response agreeing that the appointment of an umpire by the court was necessary, but reserving their right to have any determinations as to coverage and attorney's fees be made by the circuit court. The trial court appointed an umpire who subsequently determined that the damage to the Castillos' home was caused by earth movement from blasting in the general vicinity, and assessed the amount of damage to be $35,638.09.
The Castillos moved for entry of an order to confirm the appraisal award, and requested the court to reserve jurisdiction to enter final judgment and award attorney's fees and costs. State Farm filed its response asserting as defenses, among other things, that its policy excluded coverage for losses to the Castillos' home by earth movement from blasting by virtue of the following policy exclusions:
SECTION ILOSSES INSURED
COVERAGE ADWELLING
We insure for accidental direct physical loss to the property described in Coverage A [the residence premises] except as provided in SECTION I-LOSSES NOT INSURED.
* * * *
SECTION ILOSSES NOT INSURED
1. We do not insure for any loss to the property described in Coverage A [the residence premises] which consists of, or is directly and immediately caused by, one or more of the perils listed in items a through m below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

1. settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs, or ceilings [.]
2. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these.

b. Earth movement, meaning the sinking, rising, shifting, expanding *244 or contracting of earth, all whether combined with water or not. Earth movement includes but is not limited to earthquake, landslide, mudflow, sinkhole, subsidence and erosion. Earth movement also includes volcanic explosion or lava flow, except as specifically provided in SECTION IADDITIONAL COVERAGES, Volcanic Action.

We do insure for any direct loss by fire, explosion other than explosion of a volcano, theft, or breakage of glass or safety glazing materials which are part of the dwelling resulting from earth movement, provided the resulting loss is itself a Loss Insured.

Both State Farm and the Castillos filed cross-motions for summary judgment on the coverage issue where the material facts were not in dispute. State Farm maintained that the above stated policy language clearly and unambiguously excluded coverage for losses to an insured's dwelling by earth movement from blasting. The Castillos, on the other hand, contended that the language of the policy's "earth movements" exclusion and lead-in clause were ambiguous in that it was susceptible to a reasonable interpretation that the policy excluded only natural, rather than man-made events such as construction blasting. The trial court found the terms of the earth movement exclusion and lead-in provision of the policy to be ambiguous as to whether the exclusion referred only to earth movement from natural causes. The lower court construed the ambiguity in favor of the Castillos, confirmed the appraisal award and entered final judgment in their favor, minus the policy's $500 deductible plus prejudgment interest. State Farm took the instant appeal.
State Farm urges that based upon the undisputed record evidence that the damage to the Castillo's dwelling was caused by earth movement generated by nearby blasting, the trial court erred in its determination that the policy did not clearly and unambiguously exclude coverage for such losses. We agree.
The question of whether a particular risk is covered by an insurance policy is a question of law when the facts are undisputed. See Central Cold Storage, Inc. v. Lexington Ins. Co., 452 So.2d 1014 (Fla. 3d DCA 1984). In accordance with well-established rules of interpretation, terms utilized in an insurance policy should be given their plain and unambiguous meaning as understood by the "man-on-the-street." See State Farm and Cas. Co. v. Metropolitan Dade County, 639 So.2d 63, 66 (Fla. 3d DCA 1994); Sanz v. Reserve Ins. Co. of Chicago, Ill., 172 So.2d 912, 913 (Fla. 3d DCA 1965). We have said:
A court may resort to construction of a contract of insurance only when the language of the policy in its ordinary meaning is indefinite, ambiguous or equivocal. If the language employed in the policy is clear and unambiguous, there is no occasion for construction or the exercise of a choice of interpretations. In the absence of ambiguity ... it is the function of the court to give effect to and enforce the contract as it is written.
See U.S. Fire Ins. Co. v. Morejon, 338 So.2d 223, 225 (Fla. 3d DCA 1976). Any exclusions to coverage are to be strictly construed against the insurer and any doubt or ambiguity is to be resolved in favor of the insured. See Indiana Ins. Co. v. Miguelarcaina, 648 So.2d 821, 823 (Fla. 3d DCA 1995) ("... exclusionary clauses are to be narrowly and literally construed"); Hartford Accident and Indem. Co. v. Phelps, 294 So.2d 362, 364 (Fla. 1st DCA 1974).
*245 With these established principles in mind, we address the question of whether there is an ambiguity in the "earth movement" exclusion found in the policy in the instant case. "An ambiguity arises when more than one interpretation may fairly be given to a policy provision." See State Farm Fire and Cas. Co. v. Metropolitan Dade County, 639 So.2d at 65, quoting Ellsworth v. Ins. Co. of N. Am., 508 So.2d 395, 400 (Fla. 1st DCA 1987). We cannot conclude that this exclusion is susceptible to multiple interpretations, particularly when it is read in conjunction with the lead in provision of the policy, as it must be. See Union Am. Ins. Co. v. Maynard, 752 So.2d 1266, 1268 (Fla. 4th DCA 2000) ("to properly interpret an exclusion, the exclusion must be read in conjunction with the other provisions of the policy, from the perspective of an ordinary person.").
State Farm excludes coverage for losses caused by earth movement. The lead-in provision of this exclusion provides as follows:
We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded events or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these ...
When construing this lead-in provision with the earth movement exclusion, as we must, it becomes clear that State Farm's policy excludes from coverage any loss resulting from earth movement, regardless of the cause of the earth movement. We thus cannot conclude that these provisions are ambiguous or reasonably susceptible to more than one interpretation. See, e.g., State Farm Fire and Cas. Co. v. Metropolitan Dade Co., supra (finding this same lead-in provision and another excluded loss provision of the policy to be unambiguous). Although no other Florida court to date has considered the specific issue presented to us, we note that a plethora of other courts which have considered this precise policy language have similarly found no ambiguity in the provisions and have enforced the same. See, e.g., Rhoden v. State Farm Fire and Cas. Co., 32 F.Supp.2d 907 (S.D.Miss.1998); State Farm Fire and Cas. Co. v. Bongen, 925 P.2d 1042 (Alaska 1996); Kula v. State Farm Fire and Cas. Co., 212 A.D.2d 16, 628 N.Y.S.2d 988 (1995); Alf v. State Farm Fire and Cas. Co., 850 P.2d 1272 (Utah 1993); Rodin v. State Farm Fire and Cas. Co., 844 S.W.2d 537 (Mo.Ct.App.1992); Schroeder v. State Farm Fire and Cas. Co., 770 F.Supp. 558 (D.Nev.1991); Millar v. State Farm Fire and Cas. Co., 167 Ariz. 93, 804 P.2d 822 (Ct.App.1990); Village Inn Apartments v. State Farm Fire and Cas. Co., 790 P.2d 581 (Utah Ct.App.1990).
The only decisions to date which have construed the precise policy at issue and found an ambiguity to exist in the earth movement exclusion are Cox v. State Farm Fire and Cas. Co., 217 Ga.App. 796, 459 S.E.2d 446 (1995) and Murray v. State Farm Fire and Cas. Co., 203 W.Va. 477, 509 S.E.2d 1 (1998). In Cox, as in the instant case, homeowners sought recovery under their State Farm homeowner's policy for structural damage to their home allegedly caused by vibrations from explosions in the vicinity of their property. The case was tried to a jury and resulted in a mistrial when the jury was unable to reach a verdict. Thereafter, State Farm moved for and was granted judgment notwithstanding *246 the mistrial based upon its argument that man-made earth movement was excluded by the lead-in clause which expanded the exclusion to cover "natural or external forces."
On appeal, the court reversed the judgment in favor of State Farm. The Cox court noted that although the policy excluded damages resulting from earth movement, the examples given in the policy all arose from natural causes. See 459 S.E.2d at 447. The court then decided to limit the earth movement exclusion to earth movement arising from natural disasters pursuant to the doctrine of "ejusdem generis." That doctrine essentially provides that a general term, when modified by specific terms, will be interpreted in light of those specific terms, absent a clear indication to the contrary. See generally Green v. State, 604 So.2d 471, 473 (Fla.1992). Thus, the court found coverage under the policy where the earth movement did not arise from natural causes.
Further, the Cox court did not find the provision excluding coverage for loss that "arises from natural or external forces," shows that a wider sense was intended. Id. at 448. The court noted that no definition of "external" appears in the State Farm policy. In the absence of a definition, the court gave "external" its usual dictionary meaning of "apart, beyond, exterior or connected to the outside" and construed this provision to exclude coverage arising from natural forces from beyond or outside the property. Id.
In Murray v. State Farm Fire and Cas. Co., the court followed the Cox analysis and concluded, among other things, that under the construction principles of "ejusdem generis" and "cositur a sociis",[1] the earth movement exclusion in the policy must be read to refer only to phenomena resulting from natural, rather than man made forces. Like Cox, the Murray court rejected State Farm's argument that the "lead-in" clause in the "Losses Not Insured" section of its policy precluded coverage for all forms of earth movement, regardless of whether resulting from natural or man-made causes:
... The policy language at issue in this case does not define the term "external," and we must therefore give the word its "plain, ordinary meaning." We can find no definition for "external" that means anything other than outside, apart, or beyond, and we cannot define the word to include man-made forces as State Farm would have us do. As with the court in Cox, we interpret the provision as excluding from coverage natural risks arising from beyond or outside the property.
See 509 S.E.2d at 13.
As have a number of other jurisdictions cited previously, we decline to follow the reasoning in Cox and Murray. Both Cox and Murray completely ignore the unambiguous language of the lead-in clause which states that coverage is excluded "regardless of: a) the cause of the excluded event ..." This means that the exclusion is triggered whether the earth movement is caused naturally or by man. Moreover, we agree with the observation made by the court in State Farm Fire and Cas. v. Bongen, that Cox's definition of "external" is incomplete:
It is true that, standing alone, the word "external" does not refer to anything man-made. However, the word must be read in context ("We do not insure for such loss regardless of ... whether the event ... arises from natural or external *247 forces...."). It is apparent that, when read in context, "external" means "external from natural forces," which could only mean man-made forces.
See 925 P.2d at 1047.
It is for these reasons that we conclude that the trial court erred in finding an ambiguity in the "earth movement" exclusion and construing that ambiguity in favor of the appellees. While it is certainly understandable that the appellees may have reasonably expected their homeowner's policy to cover the damages in question, State Farm correctly points out that it is the policy's terms which define the coverage, not the insureds' reasonable expectations. See Deni Assoc. of Fla., Inc. v. State Farm Fire and Cas. Ins. Co., 711 So.2d 1135 (Fla.1998). We therefore reverse the judgment under review and remand with instructions that judgment be entered in favor of State Farm.
Reverse and remanded with instructions.
NOTES
[1] As the court explained, this phrase literally means "it is known from its associates," and implies that the meaning of a general word is or may be known from the meaning of accompanying specific words. See 509 S.E.2d at 9.