BARFIELD, J.,
dissenting.
I must disagree with the majority. Having concluded that the term “settling” in the policy is not ambiguous, the majority. nevertheless decides it must connote that only some kinds of settling are excluded. It appears that the extent of connoting is in direct proportion to the quantum of dollars involved. There is no precedent for rewriting this policy to define “settling” as that which is connoted to this court.
In Barash v. Insurance Co. of North America, 114 Misc.2d 325, 451 N.Y.S.2d 603 (1982), the New York court reversed a summary judgment for the insurer, finding that the collapse of the foundation which occurred “cannot come within the meaning of the word ‘settling’ in the exclusionary clause” of the policy. In Winters v. Charter Oak Fire Ins. Co., 4 F.Supp.2d 1288 (D.N.M.1998), the court denied a motion for summary judgment because the insurer did not show that undisputed facts established settling as the sole cause of damage. Neither of these decisions supports the majority opinion that the court can connote what settling is covered and what settling is excluded.
This court would be better served following the rationale of State Farm Fire and Cas. Co. v. Castillo, 829 So.2d 242 (Fla. 3d DCA 2002), wherein the court refused to “completely ignore the unambiguous language” in a homeowner’s policy, and stated: “While it is certainly understandable that the [insureds] may have reasonably expected their homeowner’s policy to cover the damages in question, State Farm correctly points out that it is the policy’s terms which define the coverage, not the insureds’ reasonable expectations.” Id. at 246-47.