971 So.2d 820 (2007)
Armando CASTILLO, Mercedes Castillo, and Carlos Castillo, Appellants,
v.
STATE FARM FLORIDA INSURANCE COMPANY and State Farm Fire & Casualty Company, Appellees.
No. 3D06-2874.
District Court of Appeal of Florida, Third District.
October 17, 2007.
Rehearing Denied December 31, 2007.
Childress Duffy Goldblatt and Michael Childress and John S. Sawin, Chicago, IL, for appellants.
*821 Paul L. Nettleton, Miami, for appellees.
Before WELLS and CORTIÑAS, JJ., and FLETCHER, Senior Judge.
CORTIÑAS, Judge.
Plaintiffs, Armando, Mercedes, and Carlos Castillo (collectively "the Castillos") appeal from an adverse final summary judgment entered in favor of defendants, State Farm Florida Insurance Company and State Farm Fire and Casualty Company (collectively "State Farm").
The Castillos filed suit against State Farm for breach of contract arising out of the denial of an insurance claim they made under their homeowners' insurance policy. In their complaint, the Castillos alleged that "nearby blasting created shockwaves and vibrations which damaged the insured dwelling without displacement or permanent displacement of the earth" and that the amount for the repair "of the blasting damages" was $74,761.83.
State Farm filed a motion for summary judgment contending that, even accepting all of the Castillos' allegations as true, the Castillos could not establish a breach of contract because, pursuant to our holding in State Farm Fire & Casualty Co. v. Castillo, 829 So.2d 242 (Fla. 3d DCA 2002) ("Castillo I"), the Castillos' damages were excluded from coverage.[1] In its motion, State Farm argued that the policy excluded damages caused by vibrations and shockwaves passing through the earth from nearby blasting based on the clear and unambiguous language of the following provision:
SECTION ILOSSES NOT INSURED
. . . .
2. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of . . .
. . . .
b. Earth Movement, meaning the sinking, rising, shifting, expanding or contracting of earth, all whether combined with water or not. Earth movement includes but is not limited to earthquake, landslide, mudflow, sinkhole, subsidence and erosion. . . .
(Emphasis added). Relying on our holding in Castillo I, the trial court entered summary judgment in favor of State Farm, finding that coverage was precluded under the "earth movement exclusion" in State Farm's policy.
In Castillo I, we addressed whether an "earth movement exclusion" in State Farm's homeowner's insurance policy excluded damages from both natural and man-made events. Castillo I, 829 So.2d at 245. The Castillo I exclusionary clause defined "earth movement" as:
the sinking, rising, shifting, expanding or contracting of earth, all whether combined with water or not. Earth movement includes but is not limited to earthquake, landslide, mudflow, sinkhole, subsidence and erosion. Earth movement also includes volcanic explosion *822 or lava flow, except as specifically provided. . . .
Id. at 243-244. The exclusionary clause also contained a lead-in provision which set forth that:
We do not insure for loss regardless of: (a) the cause of the excluded event; or (b) other causes of loss; or (c) whether other causes acted concurrently or in sequence with the excluded event to produce the loss. . . .
Id. (emphasis added). Adopting the interpretation of a majority of other courts which have considered this precise policy language and found no ambiguity in the policy's provisions, we held that the exclusionary clause, when read in conjunction with the lead-in provision, expanded the scope of the exclusion to preclude coverage for any loss resulting from earth movement regardless of the cause of the earth movement. See id.; Rhoden v. State Farm Fire & Cas. Co., 32 F.Supp.2d 907 (S.D.Miss.1998); State Farm Fire & Cas. Co. v. Bongen, 925 P.2d 1042 (Alaska 1996); Kula v. State Farm Fire & Cas. Co., 212 A.D.2d 16, 628 N.Y.S.2d 988 (1995); Alf v. State Farm Fire & Cas. Co., 850 P.2d 1272 (Utah 1993); Rodin v. State Farm Fire & Cas. Co., 844 S.W.2d 537 (Mo.Ct.App.1992).
Subsequent to our decision in Castillo I, the Florida Supreme Court considered the issue of whether damages caused by blasting were covered under an all-risk insurance policy that also contained an "earth movement exclusion." Fayad v. Clarendon Nat'l Ins. Co., 899 So.2d 1082, 1084 (Fla.2005). The Fayad exclusionary clause defined "earth movement" as "earthquake, including land shock waves or tremors before, during or after a volcanic eruption; landslide; mine subsidence; mudflow; earth sinking, rising or shifting. . . ." Id. However, unlike the policy in Castillo I, the policy in Fayad did not contain a lead-in provision excluding coverage "regardless of [] the cause of the excluded event." Id. at 1088. Based on this distinction, the Court found that the Fayad exclusionary clause was ambiguous and applied the principle of ejusdem generis.[2]See id. at 1087-89 (adopting the interpretation of a majority of courts which have construed an all-risk insurance policy that contains an "earth movement exclusion" but does not contain a lead-in provision excluding coverage for damage from earth movement "regardless" of its cause). In so doing, the Fayad court looked to the terms which preceded the language "earth sinking, rising or shifting" in the exclusionary clause and found that, because the terms "earthquake," "landslide," and "mudflow" generally denote natural disasters or perils, the insurer must have intended that the "earth movement exclusion" preclude from coverage damage caused only by the enumerated natural disasters or perils, which are natural events. Id. at 1088. Because man-made blasting is an explosion that does not ensue from or follow one of the enumerated natural disasters or perils, the court held that the insurer's policy provided coverage for damage caused by a man-made event such as blasting. Id. at 1089-90.
The case before us is distinguishable from both Castillo I and Fayad. This case involves allegations that vibrations and shockwaves caused by blasting and without displacement of the earth resulted in damage to an insured dwelling. The policy does not specifically address whether or *823 not damages caused by blasting, shockwaves, or vibrations categorically fall under "earth movement" and would, therefore, be excluded from coverage. Thus, the allegations raised by the Castillos, if true, may fall outside the earth movement exclusion.
"[W]hen the terms of the contract are ambiguous [and] susceptible to different interpretations, parol evidence is admissible to `explain, clarify or elucidate' the ambiguous term." Strama v. Union Fid. Life Ins. Co., 793 So.2d 1129, 1132 (Fla. 1st DCA 2001) (citing Friedman v. Va. Metal Prods. Corp., 56 So.2d 515, 517 (Fla.1952)). Given that the policy is ambiguous as to whether damages caused by shockwaves and vibrations in the absence of displacement of the earth are covered, State Farm's internal operating guideline OG 75-105 ("OG 75-105") is both instructive and admissible as parol evidence. The allegations by the Castillos that vibrations and shockwaves actually occurred and damaged the insured dwelling without accompanying displacement of the earth appear to be contemplated as a potentially covered loss by State Farm. For example, OG 75-105 provides in pertinent part:
V. BLASTING AND RELATED VIBRATION LOSSES WITH EARTH MOVEMENT
A. Damage from blasting, headache balls, etc. cannot occur unless the earth moves. Therefore, the `in the absence of' language found in the earth movement exclusion would apply to eliminate coverage.
By interpretation, coverage will be provided for damage as a result of shockwaves being transmitted through the earth so long as there is no permanent displacement of the earth itself.
B. Several examples may assist in applying this interpretation:
1. Blasting throws earthen debris directly upon the building causing damage which would not have occurred had the earth not been projected against the building. This would be considered as direct blast damage and the claim should be paid.
On the other hand, blasting which destabilizes the hillside, which in turn creates a landslide that damages the insured dwelling would fall within our definition of earth movement as `landslide' and is directly addressed in the exclusion. This would not be a payable claim.
2. Blasting that causes shock-waves/vibration to be transmitted through the earth to the insured dwelling and which shockwaves damage the dwelling without displacement of the earth would be considered a covered loss.
However, if the shockwaves caused the earth beneath the dwelling to settle, sink, or otherwise become permanently displaced, we would attempt to separate the damages caused by the settlement from those caused by the vibration and pay only those caused by the vibration.
(Emphasis added). By its own guidelines, State Farm envisions a possible scenario where shockwaves and vibrations caused by blasting may result in damage to an insured dwelling without displacement of the earth. Not only does such an event appear to be conceivable, State Farm even acknowledges that such a loss would be covered.
Whether or not the shockwaves and vibrations alleged by the Castillos damaged their dwelling without displacement of the earth is an issue of material fact. The burden is upon the party moving for summary judgment to demonstrate that there is no genuine issue as to any material fact and that the movant is entitled to judgment *824 as a matter of law. Fla. R. Civ. P. 1.510(c); Pennco, Inc. v. Am. Gen. Home Equity, Inc., 629 So.2d 307 (Fla. 2d DCA 1993). Moreover, the movant must "demonstrate conclusively that the non-moving party cannot prevail." Pennco, 629 So.2d at 308. Here, the Castillos specifically alleged that the damages to the dwelling occurred without the displacement of the earth, permanent or otherwise, and while such an event may prove to be improbable, State Farm has presented no evidence conclusively foreclosing this possibility, for which coverage exists under the Castillos' policy.
Furthermore, in Florida, "[w]hen an insurer relies on an exclusion to deny coverage, it has the burden of demonstrating that the allegations of the complaint are cast solely and entirely within the policy exclusion and are subject to no other reasonable interpretation." Northland Cas. Co. v. HBE Corp., 160 F.Supp.2d 1348, 1359 (M.D.Fla.2001). "Once the insured establishes a loss apparently within the terms of an all-risk policy, the burden shifts to the insurer to prove that the loss arose from a cause which is excepted." B & S Assocs., Inc. v. Indem. Cas. & Prop., Ltd., 641 So.2d 436, 437 (Fla. 4th DCA 1994) (citing Hudson v. Prudential Prop. & Cas. Ins. Co., 450 So.2d 565, 568 (Fla. 2d DCA 1984)). In the case before us, the Castillos specifically alleged in their complaint that the blasting "created shockwaves and vibrations which damaged the insured dwelling," without "displacement or permanent displacement of the earth." On its face, this allegation appears to fall outside the exclusion despite the language of the lead-in provision which precludes coverage "regardless of . . . the cause of the excluded event" when the loss would not have occurred in the absence of an excluded event. State Farm, however, has not met the burden of demonstrating that the loss resulted from a cause excepted from coverage, and furthermore did not demonstrate that there were no genuine issues of material fact. For these reasons, the entry of summary judgment in favor of State Farm was improper.
Castillo I, which is heavily relied upon by State Farm, is distinguishable because, in that case, we reviewed the issuance of a summary judgment in favor of an owner which did not involve the same issues before us in this matter. Notably, Castillo I did not involve issues of whether the insurance carrier met its burden of providing evidence to support its position that the exclusion at issue covered the alleged claim, nor did it address the existence of any genuine issues of material fact. Furthermore, in Castillo I, the issue before us was whether the earth movement exclusion applied to both natural and man-made occurrences. Additionally, there was undisputed record evidence that the damage to the dwelling in Castillo I was caused by "earth movement generated by nearby blasting."[3] There is no such undisputed record in this case. On the contrary, the Castillos have alleged that their damages occurred without any displacement of the earth. For these reasons, Castillo I is distinguishable from this case.
Based upon the foregoing, the entry of summary judgment in favor of State Farm was improper.
Reversed.
NOTES
[1] Even though the plaintiffs in this case share the same surname as the plaintiffs in Castillo I, the cases involve different parties and are unrelated.
[2] The principle of ejusdem generis provides that "where general words follow an enumeration of specific words, the general words are construed as applying to the same kind or class as those that are specifically mentioned." Fayad, 899 So.2d at 1088-89 (citing Arnold v. Shumpert, 217 So.2d 116, 119 (Fla. 1968)).
[3] In Castillo I, the trial court appointed an umpire who determined that the damage to the insureds' home was caused by earth movement from blasting in the general vicinity. Castillo I, 829 So.2d at 243.