EMAS, J.
 

 Harco National Insurance Company (“Harco”) appeals an order granting partial summary judgment and declaratory relief in favor of Appellees (“the Ham-monds”), and denying Harco’s cross-motion for summary judgment, finding that the umbrella insurance policy at issue provides coverage for the Hammonds’ claims. For the reasons which follow, we reverse.
 

 The plaintiffs below were involved in a motor vehicle accident in 2008 when they collided with a freightliner truck driven by Humberto Brito (“Brito”).
 
 [1]
 
 At the time of the accident, Brito was engaged in normal business activities for his employer, Tiles and Stones, Inc. (“Tiles and Stones”), who leased the freightliner truck from Blue Water Holdings-Doral, Inc. (“Gator”). Gator had two insurance policies with Har-co that were in effect on the date of the accident-a primary policy with a limit of $1 million, and an umbrella policy "with a limit of $20 million. Harco paid out to the Hammonds the $1 million limit of Gator’s primary policy, acknowledging that Tiles
 
 *29
 
 and Stones was covered under that policy.
 
 [2]
 
 Harco contested the Hammonds’ claim that the umbrella policy provided coverage to Tiles and Stones and Brito, maintaining that the umbrella policy was written only for the protection of its insured, Gator.
 

 The relevant Harco policy language provides:
 

 Section II — Who is an Insured
 

 (6) Each of the following is also an “insured”:
 

 1.As respects the “covered auto”:
 

 a. Anyone using an “auto” you own, hire or borrow including any person or organization legally responsible for such use provided it is with your permission and;
 

 b. Any of your executive officers, directors, partners, employees or stockholders, operating an “auto” you do not own, hire or borrow while it is being used in your business.
 

 None of the following is an “insured” under a. or b. above:
 

 1. Any person employed by or engaged in the duties of an auto sales agency, repair shop service station, storage garage or public parking place that you do not operate.
 

 2. The owner or lessee of any “auto”
 
 [3]
 
 hired by or for you or loaned to you and any agent or employee of such lessee.
 

 3. Any person or entity to whom an automobile
 
 [4]
 
 has been leased or rented; and
 

 4.Any person or entity other than the Named Insured who is operating, maintaining, using loading or unloading an automobile which has been leased or rented from “you”.
 

 The policy also contained this exclusion language relevant to the coverage issue:
 

 B. Exclusions
 

 This insurance does not apply to:
 

 17. Leased Autos
 

 Any “covered auto” while leased or rented to others. But this exclusion does not apply to:
 

 a. A “covered auto” you rent to one of your customers while them “covered auto” is left with you for service or repair;
 

 b. “Bodily injury” or “property damage” arising out of the work you performed or defective products; or
 

 c. “Bodily injury” or “property damage” caused by an “occurrence” resulting from the ownership of a “covered auto.”
 

 The trial court found that, under the terms of the umbrella policy, Tiles and Stones was an “insured,” that the freight-liner driven by Brito was a “covered auto” under the policy, and that there were no applicable policy exclusions. Our review of the policy language, however, leads us to conclude that only Gator was covered by the umbrella policy. The policy unambiguously provides that any person to whom Gator has leased or rented one of its auto
 
 *30
 
 mobiles is not an insured. The Ham-monds argued below that because the term “automobile” was not defined in the policy, that provision does not exclude coverage for the negligence of Tiles and Stones. They assert that “automobile” refers solely to passenger vehicles. Gator is in the business of leasing and renting commercial vehicles. The term “auto” is defined in the policy to include commercial vehicles, and the terms “auto” and “automobile” are used interchangeably throughout. We decline to change the plain meaning of the policy terms to provide coverage where clearly none was provided or intended.
 
 State Farm Fire & Cas. Co. v. Castillo,
 
 829 So.2d 242 (Fla. 3d DCA 2002).
 

 Finally, even if we were to find that Tiles and Stones was an insured due to some ambiguity in the use of the word “automobile,” the policy specifically excludes coverage for “any ‘covered auto’ while leased or rented to others.” An exception to this exclusion is made for “bodily injury” or “property damage” when “caused by an ‘occurrence’ resulting from the ownership of a ‘covered auto’.” We find that this exception restores coverage only to Gator for any liability it might incur as the owner of the commercial vehicle, and does not provide coverage to the lessee, Tiles and Stones. Accordingly, we reverse and remand for the trial court for entry of judgment in favor of Harco on count VII of the declaratory action.
 

 [1]
 

 . Mrs. Hammond suffered serious injuries in the accident and her husband died from his injuries.
 

 [2]
 

 . The primary policy is not at issue in this appeal.
 

 [3]
 

 . The Harco umbrella policy defines “Auto” as follows:
 

 D. "Auto” means a land motor vehicle, trailer or semi-trailer.
 

 [4]
 

 .The term "automobile” is not defined in the Harco umbrella policy.