FILED

**NOT FOR PUBLICATION**

DEC 27 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLMAR DEVELOPMENT, LLC, an Oregon limited liability company, | No. 10-35979 |
| Plaintiff - Appellee, | D.C. No. 6:09-cv-06213-AA |
| v. | MEMORANDUM[*] |
| ILLINOIS NATIONAL INSURANCE COMPANY; LEXINGTON INSURANCE COMPANY, | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Argued and Submitted December 8, 2011
Seattle, Washington

Before: GUY,[**] McKEOWN, and TALLMAN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Ralph B. Guy, Jr., Senior United States Circuit Judge, Sixth Circuit, sitting by designation.

Appellants Illinois National Insurance Company and Lexington Insurance Company ("appellants") appeal an adverse grant of summary judgment in favor of appellee Willmar Development, LLC ("Willmar"). The district court granted summary judgment on Willmar's claim that appellants breached their duty to defend a lawsuit alleging negligence against Willmar in the site-selection and construction of a new home. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

To trigger an insurer's duty to defend under Oregon law, the insured must demonstrate that the conduct alleged in the underlying complaint falls within the insured's policy coverage. *See Nielsen v. St. Paul. Cos.*, 583 P.2d 545, 547 (Or. 1978). In this case, the underlying complaint must have alleged "property damage" from an "occurrence" to trigger the duty to defend. There was an "occurrence" in this case because the damages were unintended, accidental results of Willmar's alleged negligence. *See Finley v. Prudential Life & Cas. Ins. Co.*, 388 P.2d 21, 26 (Or. 1963); *see also Mut. of Enumclaw Ins. Co. v. Gutman*, 21 P.3d 101, 105 (Or. Ct. App. 2001) ("The question is whether the insured specifically intended the harm suffered . . . .").

The complaint also alleged "property damage" as defined by the policy. Appellants contend that "property damage" excludes damage to the insured's own

product, but they can point to no authority under Oregon law to support that claim. *Cf. Anthem Elec., Inc. v. Pac. Emp'rs Ins. Co.*, 302 F.3d 1049, 1057 (9th Cir. 2002) (applying California law). The plain language of the policy covers property damage "arising out of" Willmar's work, including "operations performed by" Willmar. Because the complaint alleges that Willmar negligently performed the site-preparation and home-construction, resulting in damage from settling of the foundation, the damage arises out of Willmar's negligent performance. This constitutes "property damage" under the policy.

Because Willmar has demonstrated that the conduct alleged in the underlying complaint is covered by the policy, appellants bear the burden of proving that a specific policy exclusion bars coverage for the alleged conduct. *Emp'rs Ins. of Wausau v. Tektronix, Inc.*, 156 P.3d 105, 119 (Or. Ct. App. 2007). Appellants point to a number of specific policy exclusions, none of which bar coverage in this case.

First, appellants point to the policy's "Land Subsidence Exclusion." Although no Oregon court has interpreted such a provision, the majority of courts that have interpreted such provisions have found them ambiguous as to their application to land subsidence resulting from man-made causes, and have ultimately resolved such ambiguity in favor of the insured. *See* 3 Allan D. Windt,

Insurance Claims and Disputes § 11:23A (5th ed. 2011) (citing, *inter alia*, *Murray v. State Farm Fire & Cas. Co.*, 509 S.E.2d 1 (W. Va. 1998) (collecting cases); *Cox v. State Farm Fire & Cas. Co.*, 459 S.E.2d 446, 447 (Ga. Ct. App. 1995)); *see also Nautilus Ins. Co. v. Vuk Builders, Inc.*, 406 F. Supp. 2d 899, 904–05 (N.D. Ill. 2005). The rationale in these cases is persuasive. The district court correctly followed that rationale in this case, and held that the land-subsidence exclusion does not bar coverage for land subsidence from man-made causes.

Second, appellants point to "Exclusion J" and "Exclusion K" in the policy. These exclusions do not apply in this case because specific exceptions to the exclusions allow coverage for the alleged conduct.

Finally, appellants argue that "Exclusion L"—the "your work" exclusion—bars coverage in this case. This exclusion does not apply if the damaged work was performed by a subcontractor. The underlying complaint alleges negligence on the part of "Defendant Willmar, and/or Defendant's agents." This allegation raises the possibility that the work was performed by a subcontractor, thus triggering the insurers' duty to defend. *See Schnitzer Inv. Corp. v. Certain Underwriters at Lloyd's of London*, 104 P.3d 1162, 1169 (Or. Ct. App. 2005) (holding that underlying letter raised possibility of allegations of contaminated groundwater, even though letter did not expressly mention

4

groundwater).  The district court correctly held that the subcontractor exception applies, negating the exclusion.

**AFFIRMED.**